IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARICEL FORTEZA, | ) | |
|      Plaintiff, | ) | |
| vs. | ) | No.  3:23-CV-874-L-BH |
| | ) | |
| VEHICLE SERVICE | ) | |
| DEPARTMENT, ET AL., | ) | |
|      Defendants. | ) | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court is the plaintiff's request to authorize substituted service, filed August 15, 2023 (doc. 16 at 2), which is liberally construed as a motion for substituted service.  Based on the relevant filings and applicable law, the motion is **GRANTED**.

### I. BACKGROUND

On April 25, 2023, the *pro se* plaintiff filed suit against four entities and an individual and a corporate  defendant under the Telephone Consumer Protection Act, 42 U.S.C. § 227 (TCPA). (*See* doc. 3.) She contends that the individual defendant, James Blakey, is evading service and proffers the notes from a private process server, signed under penalty of perjury, which detail unsuccessful efforts to serve him at his home address.  (*See* doc. 16 at 2, 12-13.)  During the same week, the defendant was served at that same location in a different case in his capacity as the registered agent for one of the same defendant entities named in this case. (*See id*. at 2, 9-10.) According to the plaintiff's evidence, the private process server has on several occasions unsuccessfully sought to serve the defendant at the listed address in this case; he has received conflicting reports from different persons who answered the door regarding whether the defendant still lived there, however.  (*See id*. at 12-13.) The server spoke with the defendant by telephone; the

---

[1]  By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

defendant confirmed he had moved and stated that he had been in contact with the plaintiff and that he was willing to meet to accept documents. (*See id*.) When the server returned with the documents approximately 25 minutes later, the person who answered the door said the defendant was not home and slammed the door shut. (*See id*. at 13.)

The plaintiff now seeks an order for substituted service by leaving the summons, a copy of the complaint, and a copy of the order for substituted service with anyone aged 16 years or older, or by attaching the summons, complaint, and order to the front door, or if fenced, to the gate, at the defendant's residence, where which is located at 1416 Synergy, Irvine, CA 92614.  (*See id*. at 2.)

## II. SUBSTITUTED SERVICE

Plaintiffs have the burden to ensure that defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). When the defendant is an individual, Fed. R. Civ. P. 4(e) allows service to be effected by delivering a copy of the summons and the complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).

Rule 4(e) also allows for service on an individual according to the law of the state in which the district court is located. Fed. R. Civ. P. 4(e)(1). Texas law provides for service by delivering to the defendant in person, or by mailing to defendant by registered or certified mail, return receipt requested, a copy of the citation and a copy of the petition. Tex. R. Civ. P. 106(a). Upon motion supported by sworn statement, the court may authorize service (1) by leaving a copy of the citation and a copy of the petition with someone sixteen years of age or older at the location provided in the affidavit, or (2) in any other manner the court finds will be reasonably effective to give notice based on the affidavit and other evidence. *See* Tex. R. Civ. P. 106(b).  The supporting statement must state

"the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and the specific facts showing that traditional service has been attempted but unsuccessful. *See* Tex. R. Civ. P. 106(b). A defendant who is absent from, or a nonresident of, the State of Texas, may be served in the same manner as a resident defendant. *See* Tex. R. Civ. P. 108.

Federal district courts in Texas have considered federal Rule 4(e) and Texas Rule 106(b) together in allowing substituted service by leaving a copy of the summons and complaint with a person over the age of sixteen at the location identified in the affidavit, recognizing that this method of service is reasonably likely to give a defendant actual notice of the suit as required by Texas Rule 106. *See Joe Hand Promotions, Inc. v. Citadel Sports Bar & Grill LLC,* No. W-18-CV-00285-ADA, 2018 WL 11265409, at *2 (W.D. Tex. Nov. 16, 2018); *Heras v. Rapid Tax, Inc.*, No. 5:13-CV-498-DAE, 2014 WL 2481629, at *3 (W.D. Tex. June 3, 2014); *St. Paul Fire and Marine Ins. Co. v. Black Star Energy Serv., LLC,* No. MO:15-CV-00180-DAE-DC, 2016 WL 11582659, at *3 (W.D. Tex. Sep. 10, 2016); *Washington Intern'l Ins. Co. v. Southern Mechanical Plumbing, Inc.*, No. 3:14-CV-4028-D, 2015 WL 362772, at *2 (N.D. Tex. Jan. 27, 2015).

Here, the plaintiff has provided a sworn declaration by her private process server attesting to his unsuccessful attempts to personally deliver the summons and complaint to the defendant at his home address, where he had recently been served in connection with a different lawsuit. Based on the plaintiff's evidence, an alternative method of service is appropriate under Tex. R. Civ. P. 106(b).   Service of a copy of the summons, the complaint, and this order, by delivery to anyone more than sixteen (16) years of age or by attaching the copies to the front door or entry way, or if protected by a fence, to the gate, would be reasonably effective to give him notice of suit.

### III. CONCLUSION

The plaintiff's motion for substituted service is **GRANTED**.  Service of a copy of the summons, the complaint, and this order may be made on defendant James Blakely by leaving the summons, a copy of the complaint, and a copy of the order for substituted service with anyone aged 16 years or older, or by securely attaching the summons, complaint, and order to the front door, or if fenced, to the gate, at 1416 Synergy, Irvine, CA 92614.  The plaintiff must serve the defendant and file proof of service within 30 days of the date of this order.

**SO ORDERED** on this 16th day of August, 2023.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE