# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **MARICEL FORTEZA,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:23-CV-874-L-BH** |
| | ) | |
| **VEHICLE SERVICE** | ) | |
| **DEPARTMENT, ET AL.,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge**[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, *Plaintiff's Motion for Entry of Default Judgment*, filed July 31, 2023 (doc. 15), should be **DENIED**.

## I.  BACKGROUND

On April 25, 2023, the *pro se* plaintiff filed suit against four entities and an individual under the Telephone Consumer Protection Act, 42 U.S.C. § 227 (TCPA) and paid the filing fee. (*See* doc. 3.) By order dated April 28, 2023, she was put on notice that because she paid the fee, she was responsible for serving each defendant with a summons and a copy of the complaint as provided by Rule 4(c) of the Federal Rules of Civil Procedure. (*See* doc. 6.)  On May 23 and 30, 2023, the plaintiff filed proofs of service for defendants, which indicated that three defendants had been served by delivering process to individuals who worked at a mail center where those defendants receive mail.  (*See* docs. 7-10.) On July 31, 2023, the plaintiff moved for default judgment against all defendants.  (*See* doc. 15.)

On August 1, 2023, one defendant filed a waiver of service.  (See docs. 11, 12.)  By order dated August 3, 2023, the plaintiff was placed on notice that her attempted service on some of the defendants did not appear to be valid under federal or state law, and she was ordered to either file

---

[1]  By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

a valid return of service or show good cause in writing why service cannot be made on those defendants. (*See* doc. 13.)  The Clerk of Court was directed to again send the plaintiff summons forms and a copy of Rule 4.  (*See id.*)  Based on the re-issuance of summons, the Clerk declined to enter default.  On August 15, 2023, the plaintiff responded to the August 3, 2023 order in part by moving for substituted service on the individual defendant, and the motion was granted.  (*See* docs. 16, 17.)

## II.  ANALYSIS

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment.  There is a three-step process for securing a default judgment.  *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First a default occurs when a party "has failed to plead or otherwise defend" against an action.  Fed. R. Civ. P. 55(a).  Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise".  *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for a default judgment after an entry of default.  Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Here, default has not been entered against any defendant.[2]  Without a prior entry of default, the plaintiff has no basis for seeking a default judgment. Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).  "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and

---

[2]  Notably, one defendant has now filed a waiver of service, and the plaintiff has received additional time to serve another defendant, so entry of default as to these two defendants does not appear warranted.

2

resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)).  Default judgment is not warranted.

### III.  RECOMMENDATION

The plaintiff's motion for default judgment should be **DENIED**.

**SIGNED this 16th day of August, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE